THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| VAN NGUYEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11-cv-5642 RBL |
| | ) | |
| v. | ) | **ORDER GRANTING** |
| | ) | **DEFENDANTS' PARTIAL MOTION** |
| RECONTRUST COMPANY, N.A.; BAC | ) | **TO DISMISS** |
| HOME LOANS SERVICING, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Partial Motion to Dismiss [Dkt. #9]. Defendants argue that causes of action Nos. 1 through 9 in Plaintiff's Complaint are insufficient as a matter of law and should be dismissed without leave to amend. Plaintiff has filed no Response of any kind to the Motion.

The case involves an in-default debtor seeking to prevent a pending non-judicial foreclosure on his home. The Defendants are the various players in the loan and foreclosure processes. In this case, the Plaintiff is pro se. He alleges a wide variety of claims based on the fact that his loan was securitized, that it is not clear to him who actually owns the Note or his Deed of Trust, that the two documents were separated, and other claims about the legal consequences of the organization and operation of the mortgage lending industry. These claims are typical of those often raised by homeowners in plaintiff's position.

ORDER - 1

Plaintiff specifically asserts the following claims:

1. Disparity
2. Breach of Contract
3. Equitable estoppel
4. Erroneous Credit reporting
5. Foreclosure of incorrect note
6. Forfeiture on Foreclosure (dealing with the tax consequences of foreclosure)
7. Recoupment and setoff
8. False claim – failed endorsement
9. Erroneous alleged default
10. Violations of the Washington Deed of Trust Act
11. Slander of title
12. Declaratory relief, and
13. Injunction.

Though defendants argue persuasively that the entire complaint is insufficient, they seek only dismissal of the claims enumerated as 1-9, above. Defendants seek Dismissal without leave to amend, arguing that any amendment would be futile.

Plaintiff has failed to respond to the Motion in any fashion. Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that

ORDER - 2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*).

Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195-196 (9th Cir. 1988).

Under Local Rule 7(b)(2),"if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

ORDER - 3

Defendants' Motion to Dismiss is well-taken, and Plaintiff's claims are insufficient as a matter of law under Rule 12(b)(6), for the reasons outlined in the Motion. The Court interprets Plaintiff's failure to respond as an admission of the same.

The Defendants' Partial Motion to Dismiss [Dkt. #9] is therefore GRANTED, and Plaintiff's claims Nos. 1 - 9 are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 6th day of January, 2012

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE